**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE GENE PAGE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:03-CV-2741-G |
| | § | (consolidated with |
| **NATHANIEL QUARTERMAN, Director,** | § | 3:03-CV-2743-G) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, Petitioner's motions for leave to file second habeas petition filed on February 5, 2010, in each of the above cases has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On August 3, 2004, the District Court accepted the findings and recommendation of the undersigned magistrate judge and entered judgment denying and dismissing this consolidated habeas action as time barred with respect to Petitioner's conviction in No. F01-0876-MN, and on the merits with respect to his conviction in No. F01-0877-MN. Petitioner appealed and the Fifth Circuit denied a certificate of appealability. *See* Appeal Nos. 04-11024, 04-11198. Thereafter, the Supreme Court denied petitions for writ of certiorari. *Id.*

Petitioner now seeks leave to file successive habeas petitions challenging each of his underlying criminal convictions. The District Court lacks jurisdiction over a motion for leave to file a successive habeas corpus petition. Such a motion must be filed in the United States Court

of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ( "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition). Consequently, the motions for leave to file should be dismissed for want of jurisdiction, but without prejudice to Petitioner seeking relief in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the motions for leave to file a successive habeas corpus petition (Doc. #31 in No. 3:03cv2741-G, and Doc. # 14 in No. 3:03cv2743-G) be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that the Clerk be directed to open for administrative purposes a new habeas corpus action (nature of suit 530 directly assigned to the same district judge and

magistrate judge) and to close the same on the basis of the district court's order.

     Signed this 9th day of February, 2010.

                                       WM. F. SANDERSON, JR.
                                       UNITED STATES MAGISTRATE JUDGE

### NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.